## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICHAEL BROOKS**                                               **CIVIL ACTION**

**VERSUS**                                                        **NO. 14-2042-SS**

**SHERIFF MARLIN GUSMAN**

### ORDER AND REASONS

Plaintiff, Michael Brooks, filed this *pro se* and *in forma pauperis* federal civil rights action against Orleans Parish Sheriff Marlin Gusman.  In this lawsuit, plaintiff challenged the conditions of his confinement within the Orleans Parish Prison system.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

At a preliminary conference held on October 15, 2014, the Court scheduled a jury trial in this matter for May 11, 2015.  Also at that preliminary conference, the final pretrial conference was scheduled for April 15, 2015, at 1:30 p.m., and plaintiff was expressly warned:  "If you fail to participate in this pretrial conference in April or the trial in May, then your case will also be dismissed."[2]  In addition, the Court issued a scheduling order which expressly warned plaintiff that

---

[1] Rec. Doc. 8.

[2] That preliminary conference was recorded and is on file with this Court.

he risked dismissal of his case without further notice if he failed to participate in the final pretrial conference.[3]

At approximately 1:30 p.m. and again at exactly 1:30 p.m. on April 15, 2015, the Court placed calls to plaintiff at the telephone number specified in the scheduling order.  There was no answer.  Neither prior to nor after the conference has plaintiff made any effort to communicate with the Court or to provide a reason for his failure to participate in the conference.  Previously, he also failed to file a witness and exhibit list as ordered.[4]  In light of these repeated failures, there is simply no reason to believe that he will appear and be ready to proceed at the scheduled jury trial on May 11, 2015.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed. R. Civ. P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[3] Rec. Doc. 7.

[4] Rec. Doc. 7.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff failed to participate in the final pretrial conference despite being repeatedly warned of the consequences of such a failure.  Based on that fact, as well as his past record of failing to comply with the Court's order that he file a witness and exhibit list,  it is now appropriate to dismiss this matter for failure to prosecute.

Accordingly,

**IT IS ORDERED** that the jury trial scheduled in this matter for May 11, 2015, is hereby **CANCELED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**IT IS FURTHER ORDERED** the defendant's outstanding motions, Rec. Docs. 9 and 10, are **DENIED AS MOOT**.

New Orleans, Louisiana, this fifteenth day of April, 2015.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**